IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATE MAWDSLEY | ) |
| | ) |
| v. | ) NO. 3-13-0462 |
| | ) JUDGE CAMPBELL |
| KIRKLAND'S, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 20). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff's Complaint alleges that she is a well-known British artist whose work is widely licensed on many products throughout the world. Plaintiff contends she is the copyright owner of certain works entitled Leo, Jerry, Zara, and Snapper, all original artworks created by Plaintiff.

Plaintiff avers that Defendant has infringed her copyrights by acquiring, distributing and selling products embodying her protected artworks. Plaintiff alleges that Defendant's public distribution of these infringing products violates Plaintiff's exclusive rights as a copyright holder. Plaintiff seeks both injunctive and compensatory relief.

Defendant has moved to dismiss Plaintiff's Complaint as time-barred.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

STATUTE OF LIMITATIONS

No civil action shall be maintained under the provisions of the Copyright Act unless it is commenced within three years after the claim accrued. 17 U.S.C. § 507(b). A claim for copyright infringement can accrue more than once because each infringement is a distinct harm. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007). Each new infringing act causes a new three-year statutory period to begin. *Id*.

Defendant argues that Plaintiff's claims accrued at least by January 27, 2010, when she sent a Notice Letter to Defendant, alleging that Defendant's products infringed her copyrighted artwork. It is true that a cause of action accrues when a plaintiff knows of the infringement or is chargeable with such knowledge. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004). Because each act of infringement is a distinct harm, however, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but it does not preclude infringement claims that accrued within the statutory period. *Id*

2

CONCLUSION

The Court finds that, under the standard for a Motion to Dismiss, Plaintiff has sufficiently alleged infringement within the applicable statute of limitations. In addition, the Court will not consider documents outside the pleadings on this Motion to Dismiss.

For these reasons, Defendant's Motion to Dismiss (Docket No. 20) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE