UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KATE MAWDSLEY )
)
v. ) NO. 3-13-0462
) JUDGE CAMPBELL
KIRKLAND'S, INC. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses and Dismiss Counterclaims (Docket No. 34). For the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part. Defendant's Counterclaim, Counts One and Two, are DISMISSED.

FACTS

Plaintiff's Complaint alleges that Defendant has infringed Plaintiff's copyrights by acquiring, distributing and selling products embodying Plaintiff's protected artworks. Defendant has asserted both Affirmative Defenses and Counterclaims in response to Plaintiff's Complaint. Plaintiff seeks to strike certain of Defendant's Affirmative Defenses and to strike or dismiss its Counterclaims.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## AFFIRMATIVE DEFENSES

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Motions to strike are disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. *Equal Employment Opportunity Comm'n. v. FPM Group, Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009). The Sixth Circuit Court of Appeals has stated that the pleading standards announced in Fed. R. Civ. P. 8(b) do not apply to affirmative defenses. *McLemore v. Regions Bank*, 2010 WL 1010092 at * 12 (M.D. Tenn. March 18, 2010) (citing *Pollack v. Marshall*, 845 F.2d 656, 657 (6th Cir. 1988)).

Plaintiff seeks to strike Defendant's Seventh Affirmative Defense, which states that Plaintiff has failed to join indispensable parties. Plaintiff contends that this defense fails to provide notice regarding the identity of the alleged indispensable party. The Court finds that Defendant's pleadings, particularly in light of the identity of Rosenstiel expressly stated in Defendant's Response, are sufficiently clear to provide the required notice. Therefore, Plaintiff's Motion to Strike Defendant's Seventh Affirmative Defense is denied.

Plaintiff also seeks to strike Defendant's Eighth Affirmative Defense. Defendant has withdrawn that defense (Docket No. 36, p. 8), so Plaintiff's Motion to Strike Defendant's Eighth Affirmative Defense is moot.

Plaintiff asks the Court to strike Defendant's Tenth Affirmative Defense, which states that Plaintiff's claims are barred because Defendant's conduct was in good faith and with non-willful intent. The Court finds that whether innocent infringement could be a relevant defense will be determined at trial and Plaintiff has not shown this defense to be insufficient as a matter of law, immaterial or impertinent. Accordingly, Plaintiff's Motion to Strike Defendant's Tenth Affirmative Defense is denied.

For these reasons, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is DENIED.

## COUNTERCLAIMS

Count One of Defendant's Counterclaim seeks declaratory judgment that the asserted works are within the public domain and not eligible for copyright protection in the United States. Plaintiff argues that this counterclaim should be dismissed because copyright registration of foreign works, such as hers, is not a prerequisite to filing suit for infringement. The Court finds that the argument that the subject works are in the public domain is a defense to Plaintiff's claim of infringement, not a claim. Plaintiff's Motion to Dismiss Count One is granted, and Defendant's Counterclaim on this basis is dismissed.

Count Two of Defendant's Counterclaim seeks declaratory judgment for non-infringement of the asserted works, which is the mirror image of Plaintiff's claim for copyright infringement. Plaintiff moves to strike Count Two as redundant. Defendant argues that this Counterclaim is not redundant because prevailing on it could support a basis for attorney's fees. Defendant also asserts

that its counterclaim for non-infringement is appropriate in case Plaintiff withdraws her claims in order to avoid a finding of non-infringement.

The Court finds that federal law allows the awarding of a reasonable attorney's fee to the prevailing party, whether or not a counterclaim is asserted. 17 U.S.C. § 505. If Plaintiff's claim for infringement is denied, Defendant could be the prevailing party without having asserted a counterclaim. Moreover, Defendant's speculation that Plaintiff could withdraw her claim to avoid a finding of non-infringement is just that, speculation.

For these reasons, the Court finds that Defendant's Count Two is duplicative of Plaintiff's cause of action and involves an issue which is already before the Court. Accordingly, Plaintiff's Motion to Dismiss Count Two of Defendant's Counterclaim is granted.

## CONCLUSION

As explained herein, Plaintiff's Motion to Strike Affirmative Defenses and Dismiss Counterclaims (Docket No.34) is GRANTED in part and DENIED in part. Plaintiff's Motion to Strike Affirmative Defenses is DENIED. Plaintiff's Motion to Dismiss Counts One and Two of the Counterclaim is GRANTED.

IT IS SO ORDERED.

                                                                                                      TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE